UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC PICKERSGILL, | |
| Plaintiff, | |
| v. | Civil Action No.: |
| THE CHOP SUEY CLUB, LLC, | COMPLAINT AND JURY DEMAND |
| Defendant. | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff, Eric Pickersgill ("Pickersgill" or "Plaintiff"), brings this complaint in the United States District Court for the Southern District of New York against The Chop Suey Club, LLC ("Chop Suey" or "Defendant"), alleging as follows:

**THE PARTIES**

1. Plaintiff is an experienced, commercial photographer of over thirteen years, specializing in portrait, documentary, and environmental photography. Pickersgill's work explores the psychological and social effects of cameras and phones on individuals and society as a whole. Pickersgill's work has been exhibited extensively, including in World Economic Forum ASEAN Summit, Rick Wester Fine Art, Lianzhou Foto Festival, Center for Creative Photography, and Anne-Marie Obregt, among others. Pickersgill uses large format film and processes each image personally with chemicals and high-resolution scanning. Pickersgill resides in Charlotte, North Carolina.

2. Defendant is a Limited Liability Company Corporation organized and existing under the laws of the State of New York with its principal place of business located in New York, New

York. Defendant's agent for service of process is United States Corporation Agents, Inc. and can be served at 7014 13th Avenue, Suite 202, Brooklyn, New York, 11228. Defendant's registered agent is Ruoyi Jiang, and its registered address is 40 Orchard Street, New York, New York, 10002.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because Defendant has maintained sufficient minimum contacts with New York and as a result the exercise of personal jurisdiction over Defendant by this Court would not offend traditional notices of fair play and substantial justice.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district: "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant."

## FACTS

**I.     The Photographs at Issue in this Lawsuit**

6. On April 1, 2015, Eric Pickersgill captured the photograph, "Angie_Snappin_Pics_Eric_Pickersgill_Removed," ("Copyrighted Photograph 1"). A copy of Copyrighted Photograph 1 is exhibited below:



7. Copyrighted Photograph 1 was registered by Eric Pickersgill with the United States Copyright Office on July 5, 2016 (Registration No.: VAu 1-258-364).

8. For all times relevant to this action, Plaintiff has been the author and exclusive copyright holder of all copyright rights in and to Copyrighted Photograph 1. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

9. On April 1, 2015, Eric Pickersgill captured the photograph, "Angie_and_Me_Eric_Pickersgill_Removed," ("Copyrighted Photograph 2"). A copy of Copyrighted Photograph 2 is exhibited below:



10. Copyrighted Photograph 2 was registered by Eric Pickersgill with the United States Copyright Office on July 5, 2016 (Registration No.: VAu 1-258-364).

11. For all times relevant to this action, Plaintiff has been the author and exclusive copyright holder of all copyright rights in and to Copyrighted Photograph 2. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

12. On April 1, 2015, Eric Pickersgill captured the photograph, "Cody_and_Erica_Eric_Pickersgill_Removed," ("Copyrighted Photograph 3"). A copy of Copyrighted Photograph 3 is exhibited below:



13. Copyrighted Photograph 3 was registered by Eric Pickersgill with the United States Copyright Office on July 5, 2016 (Registration No.: VAu 1-258-364).

14. For all times relevant to this action, Plaintiff has been the author and exclusive copyright holder of all copyright rights in and to Copyrighted Photograph 3. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

15. On April 1, 2015, Eric Pickersgill captured the photograph, "Tanya_and_Addi_Eric_Pickersgill_Removed," ("Copyrighted Photograph 4"). A copy of Copyrighted Photograph 4 is exhibited below:



16. Copyrighted Photograph 4 was registered by Eric Pickersgill with the United States Copyright Office on July 5, 2016 (Registration No.: VAu 1-258-364).

17. For all times relevant to this action, Plaintiff has been the author and exclusive copyright holder of all copyright rights in and to Copyrighted Photograph 4. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

18. Copyrighted Photograph 1, Copyrighted Photograph 2, Copyrighted Photograph 3, and Copyrighted Photograph 4 hereinafter collectively referred to as "Copyrighted Photographs 1-4."

## II.     Defendant's Unlawful Activities

19. Defendant is a merchant of clothing, art, jewelry, and other items, with an emphasis on Asian styles and products. Defendant sells items, partners with other brands, hosts events, and writes blog posts on its commercial website, www.chopsueyclub.com.

20. On or about April 5, 2018, Defendant published Copyrighted Photographs 1-4 to its website (https://www.chopsueyclub.com/blogs/blog/5-symptoms-of-phone-addiction-and-5-ways-to-break-free):







21. Defendant is not and has never been licensed to use or display Copyrighted Photographs 1-4. Defendant never contacted Plaintiff to seek permission to use Copyrighted Photographs 1-4 in connection with its website or for any other purpose.

22. Upon information and belief, Defendant located a copy of Copyrighted Photographs 1-4 on the internet and, rather than contact Plaintiff to secure a license, simply copied Copyrighted Photograph for its own commercial use.

23. Plaintiff first discovered Defendant's unauthorized use/display of Copyrighted Photograph on or about October 8, 2020. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. Prior to the commencement of this action, Plaintiff and Defendant negotiated a settlement for a reasonable license for the use of Copyrighted Photographs 1-4, however Defendant abandoned such settlement after the parties had agreed in principle. Plaintiff then commenced this action.

## COUNT I: COPYRIGHT INFRINGEMENT

24. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

25. Copyrighted Photographs 1-4 are original works of authorship, embodying copyrightable subject matter, and therefore subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

26. Eric Pickersgill owns a valid copyright in Copyrighted Photographs 1-4, having registered Copyrighted Photographs 1-4 with the Register of Copyrights.

27. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright.

28. Defendant reproduced, distributed, and publicly displayed Copyrighted Photographs 1-4 without authorization from Plaintiff.

29. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying Copyrighted Photographs 1-4 for its own commercial purposes.

30. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.

31. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

32. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of Copyrighted Photographs 1-4 and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of Copyrighted Photographs 1-4, which amounts shall be proven at trial.

33. Alternatively, to the extent infringement by Defendant of Copyrighted Photographs 1-4 occurred post-registration or within the three (3) month period between first publication and registration, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

34. To the extent infringement by Defendant of Copyrighted Photographs 1-4 occurred post-registration or within the three (3) month period between first publication and registration, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct pursuant to 17 U.S.C. § 505 for such infringement of the corresponding Copyrighted Photographs 1-4.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in Copyrighted Photographs 1-4;

b. A declaration that such infringement is willful (to the extent applicable);

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election (to the extent applicable), an award of statutory damages for willful infringement up to $150,000.00 for infringement of each photograph comprising the Work.

d. Awarding Plaintiff its costs and (if applicable) reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market Copyrighted Photographs 1-4 or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: August 31, 2023          */s/ David C. Deal*
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 625
Charlottesville, VA 22902
434-233-2727, Telephone
david@daviddeal.com
*Counsel for Plaintiff*